IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BERNARD BEY                                                                                                   PLAINTIFF

v.                              Civil No. 4:24-cv-04006-SOH-BAB

JUDGE JOE SHORT;
PROSECUTOR BEN HALE;
DTF GARY DORMAN; and
JUSTIN CRANE                                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION

Plaintiff, Bernard Bey, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on January 22, 2024. (ECF No. 1, 2). The Court granted Plaintiff's IFP Motion on the same date. (ECF No. 3).

In his Complaint, Plaintiff names four Defendants: Judge Joe Short, Hempstead County

Circuit Judge; Ben Hale, Hempstead County Prosecuting Attorney; Gary Dorman, "DTF;" and Justin Crane, Hempstead County Jail. (ECF No. 1, pp. 1-2). Plaintiff first claims Judge Short convicted him in his criminal case under the wrong name. *Id*. at 4. Then Plaintiff claims Defendant Hale told him: "if [he] didn't take the time that he was going to give me a life sentence." *Id*. Next, Plaintiff claims:

> [Defendant] Crain said he found 32.5 grams of meth not on my person, or vehicle, didn't have video of me throwing it out. I got lab test back it was only 25 grams. [Lieutenant] [O]liver [nonparty] said he found this meth 2 ½ miles from were they arrested me. [Defendant] Dorman was there, they didn't have body cam on or car video going still charged me under wrong name, took 2900 and 50 dollars out of wallet.

*Id.* Finally, Plaintiff claims his attorney did not defend him and let all the Defendants do what they wanted. *Id.* Plaintiff alleges all of his claims against all Defendants in both their individual and official capacities. *Id.* at 2.

For relief Plaintiff requests, five million dollars from each Defendant, all Defendants fired, and "the time I was sentenced [given] back and relief of the days I spen[t] in jail, and defamation of my character." *Id.* at 5.

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which

relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

First, all of Plaintiff's claims are seeking relief from his criminal conviction and imprisonment. Plaintiff may not use Section 1983 as a substitute for *habeas* relief, instead, he must pursue such claims through the proper avenue of 28 U.S.C. § 2254. *See e.g., Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) ("Section 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence.") (quoting *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)).

Additionally, Plaintiff's claims seek damages for an unconstitutional conviction or imprisonment, and such claims are barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has produced no evidence or allegations in his complaint to meet the *Heck* requirements.

3

Moreover, Judge Short and Defendant Hale are immune from suit and all claims against them fail as a matter of law.

"Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (explaining the common law principle of judicial immunity was not abolished by Section 1983). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted).

Here, Plaintiff did not make any claims Judge Short acted outside of his jurisdiction. His only complaint relates to the criminal sentence he received from Judge Short which clearly falls within Judge Short's judicial duties. Accordingly, Judge Short is immune from all of Plaintiff's claims against him. *See Woodworth v. Hulshof*, 891 F.3d 1083, 1091 (explaining that judicial immunity applies if the act complained of is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity).

Likewise, the Supreme Court established the absolute immunity of a prosecutor from a civil suit for damages under Section 1983 "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity extends to all acts that are

"intimately associated with the judicial phase of the criminal process." *Id*. at 430. Furthermore, immunity is not defeated by "[a]llegations of unethical conduct and improper motive in the performance of prosecutorial functions." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). "[A] prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony . . . or withheld or suppressed exculpatory evidence." *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (internal citations omitted).

Here, Plaintiff has failed to allege any conduct other than the prosecutorial functions of plea negotiating against Defendant Hale. Accordingly, Plaintiff's claims against Defendant fail as a matter of law. *See Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (county prosecutors acting as advocate for the state in a criminal prosecution were entitled to absolute immunity from suit).

Finally, Plaintiff alleges all his claims against Defendants in both their individual and official capacities. However, without a cognizable constitutional violation alleged, there can be no official capacity claim against the employer—Hempstead County. *Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020) *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

### IV. CONCLUSION

For these reasons, it is recommended the case be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted and because it seeks relief from parties immune to suit.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of February 2023.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE